## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ANTHONY R. TREJO, SID #555896,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **SA-24-CV-00496-XR** |
| **v.** | § | |
| | § | |
| **U.S. PRESIDENT JOE BIDEN, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER OF DISMISSAL

Before the Court is *pro se* Plaintiff Anthony R. Trejo's 42 U.S.C. § 1983 Civil Rights Complaint. (ECF No. 1). Trejo paid the filing fee.[1] (ECF No. 9). On July 10, 2024, the Court ordered Trejo to show cause, on or before August 9, 2024, why his Complaint should not be dismissed based on immunity, as frivolous, and/or for failure to state a claim upon which relief may be granted. (ECF No. 12); *see* U.S. CONST. amend. XI; 28 U.S.C. § 1915A(b); *Garcia v. United States*, 666 F.2d 960, 966 (5th Cir. 1982). Trejo was specifically advised that if he failed to comply, his Complaint could be dismissed for failure to prosecute and failure to comply with the Court's Order. (ECF No. 12); *see* FED. R. CIV. P. 41(b). On July 24, 2024, Trejo filed a motion requesting an "additional 30–40 days" to respond to the Court's Show Cause Order. (ECF No. 13). The Court granted the motion, giving Trejo an additional forty (40) days from the date of the Order granting the extension to respond. (ECF No. 14). Based on the Court's Order granting the

---

[1] The Court previously denied Trejo's application to proceed *in forma pauperis* and dismissed Trejo's Complaint based on the three–strikes rule and his failure to show "imminent danger of serious physical injury." (ECF Nos. 4, 5) *see* 28 U.S.C. § 1915(g). Following the dismissal, and in accordance with the Court's Order of Dismissal, Trejo filed a motion to reinstate and paid the full filing fee. (ECF Nos. 4, 9, 10). The Court granted the motion to reinstate based on Trejo's payment of the filing fee and ordered the case reopened. (ECF No. 11). Despite the reinstatement and payment of the fee, Trejo's Complaint is still subject to screening under § 1915A of Title 28 of the United States Code. *See* 28 U.S.C. § 1915A.

extension, Trejo's amended complaint or other response to the Court's Show Cause Order was due on or before September 4, 2024. (*Id.*). To date, Trejo has not responded to the Court's Show Cause Order.

Therefore, after review, to the extent Trejo is suing Defendants U.S. President Joe Biden, the U.S. Vice President, the U.S. Attorney General, and unidentified FBI Agents in their official capacities pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the Court orders his claims **DISMISSED FOR WANT OF JURISDICTION** based on sovereign immunity. (ECF No. 1); *see Garcia*, 666 F.2d at 966. To the extent Trejo is suing Defendants Texas Governor Greg Abbott and the Texas Attorney General in their official capacities for monetary damages or other retrospective relief, the Court orders his claims **DISMISSED FOR WANT OF JURISDICTION** based on sovereign immunity. *See* U.S. CONST. amend. XI. The Court orders Trejo's remaining claims **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim upon which relief may be granted. (ECF No. 1); *see* 28 U.S.C. § 1915A(b)(1). Finally, the Court orders Trejo's Complaint **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to comply with the Court's Show Cause Order. (ECF Nos. 1, 12); *see* FED. R. CIV. P. 41(b).

## BACKGROUND

Trejo is currently confined in the Bexar County Adult Detention Center based on his indictment for the offense of aggravated sexual assault of a child.[2] *See* Register of Actions -

---

[2] The state trial court found Trejo incompetent to stand trial and ordered him committed to the San Antonio State Hospital. *See* Register of Actions - DC2021CR8003 (tylertech.cloud) (last visited Oct. 4, 2024). His competency was restored May 6, 2024; however, it appears that on September 5, 2024, the trial court referred the matter to the magistrate for another competency proceeding. *Id.* Additionally, in the Court's Show Cause Order, it stated that Trejo had also been indicted for the offense of criminal solicitation of a minor. (ECF No. 12). However, on August 13, 2024, the indictment was amended to remove that offense. *See* Register of Actions - DC2021CR8003 (tylertech.cloud). State

DC2021CR8003 (tylertech.cloud) (last visited Oct. 4, 2024). While confined, Trejo filed this § 1983 action and an application to proceed *in forma pauperis* ("IFP"). (ECF No. 1). Upon initial review, the Court denied Trejo's IFP application and dismissed his Complaint based on the three–strikes rule and his failure to show "imminent danger of serious physical injury." (ECF Nos. 4, 5); *see* 28 U.S.C. § 1915(g). Following the dismissal, Trejo filed a motion to reinstate and paid the full filing fee. (ECF Nos. 9, 10). The Court granted the motion to reinstate based on Trejo's payment of the filing fee. (ECF No. 11).

Despite the payment of the fee and reinstatement, Trejo's Complaint is still subject to screening under § 1915A of Title 28 of the United States Code. *See* 28 U.S.C. § 1915A. After reviewing the Complaint, the Court was unable to determine who Trejo is trying to sue or what constitutional violations that person or entity is alleged to have committed. (ECF No. 12). To the extent the Court could discern particular claims, it found deficiencies. (*Id.*). Accordingly, the Court rendered a Show Cause Order that pointed out the deficiencies in the Complaint and ordered Trejo to file an amended complaint correcting the deficiencies to the extent possible. (*Id.*). Trejo was warned that if he failed to comply with the Court's Show Cause Order his Complaint was subject to dismissal. (*Id.*). Despite the warning, and more than sufficient time to respond, Trejo has failed to file an amended complaint or otherwise respond to the Court's Show Cause Order.

## APPLICABLE LAW

When an inmate seeks redress from an officer or employee of a governmental entity, even if not proceeding *in forma pauperis*, his complaint is subject to preliminary screening pursuant to

---

court records also appear to show a recent misdemeanor complaint filed against Trejo for the offense of harassment. *See id.*

28 U.S.C. § 1915A. *See Martin v. Trejo*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam); *see also* 28 U.S.C. § 1915A(a). Section 1915A provides for *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A complaint is frivolous if it lacks an arguable basis in law or fact, i.e., when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard requires more than the mere possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

All well–pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Although "detailed factual allegations," are not required, "more than an unadorned, the–defendant–unlawfully–harmed–me accusation" is. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.* And although a court must construe a *pro se*'s allegations liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a

4

plaintiff's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

ANALYSIS

### A. Federal Actors—U.S. President Biden, U.S. Vice President, U.S. Attorney General, & Unidentified FBI Agents

Trejo appears to bring claims against several federal actors alleging violations of his constitutional rights. (ECF No. 1). The Court finds the claims against these Defendants are subject to dismissal.

#### 1. *Section 1983 Claims*

To the extent Trejo is asserting § 1983 claims against the named federal actors, the Court notes that by its terms, § 1983 applies to state, not federal actors. *See* 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a person acting under the color of *state* law, i.e., a state actor, deprived the plaintiff of a right secured by federal law or the Constitution. *Moody v. Farrell*, 868 F.3d 348, 351 (5th Cir. 2017); *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013), *cert. denied*, 572 U.S. 1087 (2014). In other words, a defendant named in a § 1983 action must be a person who is a state actor. *See Moody*, 868 F.3d at 351; *see also Cruz v. Hopper*, 73 F. App'x 62, 63 (5th Cir. 2003). President Biden, the Vice President, the United States Attorney General, and the unidentified FBI Agents are *federal* actors. Thus, they are not subject to claims brought pursuant to § 1983. *See Escobedo v. Onofre*, No. 5:19-CV-00239-FB, 2019 WL 2124680, at *2 (W.D. Tex. May 15, 2019) (stating in show cause order that FBI agents not subject to claims under § 1983 because they are not state actors); *Scott v. United States Veteran's Admin.*, 749 F. Supp. 133, 134 (W.D. La. 1990) (finding § 1983 does not provide forum to redress actions taken by

5

United States government or its agencies under federal law; actions of federal government are "facially exempt" from § 1983), *aff'd*, 929 F.2d 146 (5th Cir. 1991). Accordingly, Trejo's § 1983 claims against these Defendants are dismissed as frivolous and/or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

2. *Bivens Claims*

To the extent Trejo intended to assert a *Bivens* action against the named federal Defendants, the Court finds such claims also fail. A *Bivens* action and a § 1983 action are "coextensive proceedings; the 'only difference' being that the former involves an action against federal actors and the latter against state actors." *Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir.), *reh'g and reh'g en banc denied*, 130 F. App'x 705 (5th Cir. 2005) (quoting *Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999), *overruled on other grounds*, *Castellano v. Fragozo*, 352 F.3d 948–49 n. 36 (5th Cir. 2003)). As described by the Supreme Court, a *Bivens* action is the "federal analog to suits brought against state officials under" § 1983. *Iqbal*, 556 U.S. at 675–76.

a. **Official Capacities**

Suits against federal officers in their official capacities are considered suits against the United States. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). In other words, official–capacity suits "represent only another way of pleading an action against an entity of which an officer is an agent." *Id.* (quoting *Monell*, 436 U.S. at 690 n.55). Thus, any *Bivens* claims against the federal Defendants in their official capacities for monetary damages are merely claims against the United States. *See id.* The United States has sovereign immunity except where it consents to be sued. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983). Consent is a prerequisite for jurisdiction. *Id.* The United States has not waived sovereign immunity in a *Bivens* action for either

6

monetary damages or injunctive relief. *See United States v. Rural Elec. Convenience Coop. Co.*, 922 F.2d 429, 434 (7th Cir. 1992) (holding that jurisdictional bar or sovereign immunity operates when suit threatens to impose upon United States liability for money damages or some form of coercive injunctive relief); *Garcia*, 666 F.2d at 966 (holding that *Bivens* does not waive government's immunity).

Thus, to the extent Trejo is suing the federal Defendants in their official capacities pursuant to *Bivens*, his claims are barred by sovereign immunity and subject to dismissal. *See Garcia*, 666 F.2d at 966.

### b. Individual Capacities

In *Bivens,* the Supreme Court established a cause of action for monetary damages against federal officials in their individual capacities for violations of federal constitutional rights. *Byrd v. Lamb*, 990 F.3d 879, 881 (5th Cir. 2021) (per curiam) (citing *Bivens,* 403 U.S. 388 at 397). However, *Bivens* claims are limited to three situations: (1) "manacling the plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment," (2) "discrimination on the basis of sex by a congressman against a staff person in violation of the Fifth Amendment," and (3) "failure to provide medical attention to an asthmatic prisoner in federal custody in violation of the Eighth Amendment." *Id.* (quoting *Oliva v. Nivar*, 973, F.3d 438, 442 (5th Cir. 2020)). If the plaintiff's *Bivens* claim does not fall into one of these three situations, the claim is said to present a "new context," meaning it is "different in a meaningful way from previous *Bivens* cases." *Id.* If the claim presents a "new context," the question is whether any special factors counsel against extending *Bivens*. *Id.*

The Supreme Court has specifically cautioned against extending *Bivens* to new contexts. *Id.* (citing *Hernandez v. Mesa* (*Hernandez II*), 589 U.S. 93, 101–02, 104 (2020)). "In fact, the Supreme Court has gone so far as to say that extending *Bivens* to new contexts is a 'disfavored judicial activity.'" *Id.* (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017)). When evaluating whether to extend *Bivens*, the most important question "is 'who should decide' whether to provide for a damages remedy, Congress or the courts?" *Hernandez II*, 589 U.S. at 114 (quoting *Abbasi*, 582 U.S. at 135). The correct "answer most often will be Congress." *Id.*

As to the federal Defendants, Trejo does not allege civil rights claims supported by factual allegations. (ECF No. 1). Rather, he uses general labels such as "moral turpitude," "malice," "reckless acts." (*Id.*). Trejo's "claims" against the federal Defendants do not fall squarely within the three recognized situations permitting an action under *Bivens* as it is clear there are no allegations he was manacled in front of his family in his home and strip–searched in violation of the Fourth Amendment, *see Bivens*, 403 U.S. at 389, no allegations he was discriminated against based on sex, *see Davis v. Passman*, 442 U.S. 228, 230 (1979), and no allegation of a failure to provide medical attention to a federal prisoner by the federal Defendants. *See Carlson v. Green*, 446 U.S. 14, 23–224 (1980). Thus, Trejo's claims are "new context," and the question is whether any special factors counsel against extending *Bivens* in this matter. The Court finds that separation of powers counsels against extending *Bivens* here because Congress has not made individual federal officials, such as those named as defendants by Trejo, statutorily liable under the basic circumstances presented in the Complaint. *See Oliva*, 973 F.3d at 444. The "silence of Congress is relevant." *Byrd*, 990 F.3d at 882 (quoting *Abbasi*, 582 U.S. at 143). This special factor gives this Court "reason to pause" before extending *Bivens*, *see id.* (quoting *Hernandez II*, 589 U.S. at 102),

subjecting Trejo's claims to dismissal as frivolous and/or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

**B. Eleventh Amendment Immunity & No Individual Acts—Texas Governor Greg Abbott & the Texas Attorney General**

Trejo asserts claims against the Governor, but these claims, much like all of Trejo's claims, are conclusory and nonsensical:

> Defendant #2: Governor-Gregory Abbott-unk address
> ( Orders/Policies to let Texas officials' inaction on holding Terrorists Hijack State etc.
> Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
> ↳ Fabricating any patterns, designs, etc. by moving forces, malice & recklessly etc.

The Court cannot discern any actual claims against the Texas Attorney General. (*Id.*). Nevertheless, the Court finds Trejo's claims against the Governor, and any claims against the Texas Attorney General, in both their official and individual capacities, fail based on Eleventh Amendment immunity and a failure by Trejo to allege any individual acts by either Defendant.

*1. Eleventh Amendment Immunity*

The Eleventh Amendment bars suits by private citizens against a state in federal court. *Union Pac. R. Co. v. Louisiana Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011); *K.P. v. Leblanc*, 627 F.3d 115, 124 (5th Cir. 2010) (citing *Hutto v. Finney*, 437 U.S. 678, 700 (1978)); *see* U.S. CONST. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."). Federal claims against state employees in their official capacities are the equivalent of suits against the state. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Monell*, 436 U.S. at 658, 690 n.55 (1978). The bar of the Eleventh Amendment is in effect when state officials are sued for

monetary damages in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Cory v. White*, 457 U.S. 85, 90, (1982). This is so because "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents." *Graham*, 473 U.S. at 169 (quoting *Brandon v. Holt*, 469 U.S. 464, 471 (1985)).

With respect to § 1983 claims, the Supreme Court has held a state is not considered a "person" within the meaning of the statute. *Will*, 491 U.S. at 64. Accordingly, although state officials literally are persons, if sued in their official capacities they are not deemed "persons" for purposes of section 1983. *Id.* at 71. In other words, a suit against an official in his or her official capacity is not a suit against the official, but rather is a suit against the official's office. *Id.*; *Brandon*, 469 U.S. at 471. As a suit against the official's office, it is no different from a suit against the state itself. *Will*, 491 U.S. at 71 (citing *Graham*, 473 U.S. at 165–66; *Monell*, 436 U.S. at 690 n.55). Thus, § 1983 suits brought against state officials in their official capacities for monetary damages or for retrospective relief are, likewise, barred under the Eleventh Amendment. *See id.*

The Governor and the Texas Attorney General are state officials. Thus, Trejo's claims against these Defendants in their official capacities for monetary damages or other retrospective relief are subject to dismissal for want of jurisdiction based on sovereign immunity. *See* U.S. CONST. amend. XI; *Will*, 491 U.S. at 71.

### 2. *No Individual Acts*

To state a § 1983 claim against a defendant, a plaintiff must allege the defendant was *personally* involved in the actions complained of or is responsible for the policy or custom giving rise to the alleged constitutional deprivation. *See Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017) (holding that under § 1983, officials are not vicariously liable

for conduct of those under their supervision, they are accountable for their own acts and for implementing unconstitutional policies that result in constitutional deprivations); *Jones v. Lowndes Cnty., Miss.*, 678 F.3d 344, 349 (5th Cir. 2012) ("A Section 1983 claimant must 'establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation.'"). Absent sufficient facts of personal involvement, the only way a defendant can be held responsible for a § 1983 violation is through a theory of supervisory capacity. Under § 1983, supervisory officials are not generally liable for subordinates' actions on any vicarious liability theory. However, a supervisor may be held liable absent personal involvement if there is sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir.1987). To demonstrate a causal connection, the supervisor would have to "implement a policy so deficient that the policy itself is a repudiation of constitutional rights" and is "the moving force of the constitutional violation." *Id.* at 304.

Trejo does not allege any personal involvement by the Governor or the Texas Attorney General. (ECF No. 1). Nor does he allege either Defendant is responsible for specific policies that gave rise to any alleged constitutional violation. (*Id.*). Thus, Trejo's claims against these Defendants are subject to dismissal as frivolous and/or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

### C.  *No Individual Acts—Sheriff Javier Salazar*

Trejo uses insufficient generalities and vague assertions regarding his claims against the Sheriff. (ECF No. 1). He references "invoking 'moving force,'" "tamper/harassment & retaliation intent," "depriving me rights," "defamation – libel/sander," and "theft of property." (*Id.*). None of

these "allegations" is supported by factual context. (*Id.*). Moreover, as stated above, to assert a § 1983 claim against a defendant, a plaintiff must allege the defendant was *personally* involved in the actions complained of or is responsible for the policy or custom giving rise to the alleged constitutional deprivation. *See Alderson*, 848 F.3d at 420; *Jones*, 678 F.3d at 349. As addressed in the preceding section, absent sufficient allegations of personal involvement, Trejo must show a sufficient causal connection between the supervisor's alleged wrongful conduct and the constitutional violations by showing the defendant implemented a deficient policy that repudiated Trejo's constitutional rights and was the moving force behind the alleged constitutional violation. *See Thompkins*, 828 F.2d at 303–04.

Trejo has failed to make the necessary showings either by alleging the Sheriff's personal involvement or his responsibility for a deficient policy or custom that is "the moving force of the constitutional violation, i.e., gave rise to the constitutional violations he alleged." *See id.* Thus, Trejo's claims against the Sheriff are subject to dismissal for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

Additionally, to the extent Trejo intended to name Bexar County as a defendant by suing the Sheriff, the Court finds his Complaint deficient. (ECF No. 1). To establish liability on the part of a county or municipality, a plaintiff must demonstrate a policy or custom that caused the alleged constitutional deprivation. *Bd. of Cnty. Comm'rs Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 403–04 (1997); *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690–91 (1978). Trejo fails to allege Bexar County has a particular policy or custom relating to any alleged violation of his constitutional rights. (ECF No. 1); *see Brown*, 520 U.S. at 403–04.

### D. *Vague, Conclusory Allegations and Unidentified Defendants—All Defendants*

To state a viable claim, a plaintiff's allegations must present "enough facts to state a claim to relief that is plausible on its face," which means that "[f]actual allegations must be enough to raise a right to relief above the speculative level;" "labels and conclusions … will not do." *Twombly*, 550 U.S. at 555–56, 570; *see* FED. R. CIV. P. 8(a) (stating pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"). Under the notice pleading requirement for a federal lawsuit, Trejo is required, among other things, to: (1) state the acts or omissions committed by those he claims caused him damage; and (2) identify the constitutional provisions allegedly violated by those acts or omissions. *See* FED. R. CIV. P. 8(a).

Trejo's Complaint is a twenty–two page jumble of named, partially named, and unidentified defendants, incomplete and vague assertions, disconnected phrases, and delusional statements. (ECF No. 1). It is nearly impossible to determine who all the Defendants are, what a particular Defendant did or did not do, or what constitutional provisions were violated. (*Id.*). Trejo often simply includes labels as opposed to factually supported allegations. (*Id.*).

Below is a small sample of the types of "allegations" within Trejo's Complaint, showing the deficiency of his Complaint generally:



13

(*Id.*). The other portions of the Complaint are similarly deficient or worse. (*Id.*). Trejo has failed

to sufficiently identify many of the Defendants he contends violated his civil rights, has failed to

specify what each Defendant—identified or unidentified—did or did not do, and has failed to

identify the constitutional provision or federal law allegedly violated. (*Id.*). Thus, Trejo's entire

Complaint is subject to dismissal for failure to state a claim upon which relief may be granted. *See*

28 U.S.C. § 1915A(b)(1).

### E.  Retaliation

Trejo uses the term "retaliation," purportedly to assert a violation of his constitutional

rights by the Sheriff and perhaps other Defendants. (ECF No. 1). However, this claim is vague and

conclusory, failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

"Prison officials may not retaliate against prisoners for exercising their constitutional

rights." *Petzold v. Rostollan*, 946 F.3d 242, 252 (5th Cir. 2019). However, to succeed on a

retaliation claim, the inmate must overcome a "significant burden." *Id.* The inmate must allege,

and subsequently prove: (1) he exercised a particular constitutional right; (2) the official *intended*

to retaliate against his exercise of that right; (3) his constitutional exercise of the right *caused* the

official to commit a retaliatory act that was more than *de minimis*; and (4) he "suffered a concrete,

tangible harm." *See id.*; *Hudson v. Univ. of Tex. Med. Branch*, 441 F. App'x 291, 293 (5th Cir.

2011). To establish intent and causation, the inmate must at least establish a chronology of events

from which retaliation may be plausibly inferred. *Petzold*, 946 F.3d at 252.

Trejo has failed to allege a retaliation claim against the Sheriff or any other Defendant.

(ECF No. 1). Trejo does nothing more than use the term "retaliation." (*Id.*). He does not allege

(1) what constitutional right he exercised that caused the retaliation, (2) whether the Sheriff or any

other defendant intended to retaliate against him for his exercise of a constitutional right, (3) whether his constitutional exercise caused the commission of a retaliatory act, and such act was more than *de minimis*, or (4) that he suffered a concrete, tangible injury based on the retaliation. (*Id.*); *see Petzold*, 946 F.3d at 252; *Hudson*, 441 F. App'x at 293. Accordingly, the Court finds his claim or claims of retaliation against the Sheriff or any other Defendant are subject to dismissal. *See* 28 U.S.C. § 1915A(b)(1).

### F. Equal Protection Clause/Due Process Clause

Trejo may be attempting to allege a violation of his rights under the Equal Protection and Due Process Clauses. (ECF No. 1). However, he does nothing more than reference the constitutional provisions, providing no factual allegations in support of such claims. (*Id.*). In essence, Trejo has provided nothing more than the prohibited "unadorned, the–defendant–unlawfully–harmed–me accusation" and "labels and conclusions." *See Iqbal*, 556 U.S. at 678. This is insufficient in the absence of further factual enhancement. *Id.* Thus these "claims" are subject to dismissal for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

### G. Theft of Property

It appears Trejo may be claiming deprivation of personal property. (ECF No. 1). If he is alleging a violation of his due process rights under the Fourteenth Amendment based on the confiscation of his personal belongings, the Court finds he has failed to state a claim upon which relief may be granted. (*Id.*); *see* 28 U.S.C. § 1915A(b)(1). Regarding an alleged due process violation, the confiscation and potential loss of personal belongings—negligent or intentional—is not viable as a violation of constitutional rights for purposes of § 1983.

In *Hudson v. Palmer*, the Supreme Court held that deprivations of property—negligent or intentional—caused by state officials do not infringe on constitutional due process provided adequate state post–deprivation remedies exist. 468 U.S. 517, 533 (1984); *see Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994); *see Parratt v. Taylor*, 451 U.S. 527, 543 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). In other words, under the *Parratt/Hudson* doctrine, random and unauthorized deprivations of property, whether intentional or negligent, neither violate the Constitution nor state a claim under § 1983 when adequate state remedies exist. *See Hudson*, 468 U.S. at 533; *Parratt*, 451 U.S. at 543. Thus, because Texas provides adequate state post–deprivation remedies, Trejo may not assert any alleged deprivations constitute grounds for recovery. *See Hudson*, 468 U.S. at 533; *Parratt*, 451 U.S. at 543.

As recognized by the Fifth Circuit, the tort of conversion provides inmates with an avenue for relief for deprivations of personal property. *See Murphy*, 26 F.3d at 543. The burden is on the inmate to show the post–deprivation remedy is inadequate. *Myers v. Klevenhagan*, 97 F.3d 91, 94 (5th Cir. 1996). Thus, the appropriate forum for any property loss claim lies in a Texas state court, and Trejo may only pursue a claim under § 1983 only after those remedies are denied on grounds other than the merits of the claim. *Thompson v. Steele*, 709 F.3d 381, 383 (5th Cir. 1983). However, Trejo has not alleged a conversion action in state court is inadequate or even that he has attempted to pursue such a remedy and it was rejected. *See Myers*, 97 F.3d at 94; *Thompson*, 709 F.3d at 383.

Accordingly, because Trejo has an adequate remedy to address any alleged confiscation of and failure to return personal property, he has failed to state a claim based thereon. *See Hudson*, 468 U.S. at 533; *Parratt*, 451 U.S. at 543; *see also* 28 U.S.C. § 1915A(b)(1).

### H. *Speedy Trial, Excessive Bond*

Trejo references the denial of a speedy trial and reasonable bond. (ECF No. 1). However, he does nothing more than reference the concepts, providing no factual allegations in support of such claims. (ECF No. 1). Trejo has again provided nothing more than the prohibited "unadorned, the–defendant–unlawfully–harmed–me accusation" and "labels and conclusions." *See Iqbal*, 556 U.S. at 678. These types of conclusory allegations are insufficient as they are merely naked assertions devoid of factual enhancement. *Id.* Thus, Trejo has once again failed to state a claim upon which relief may be granted, subjecting these claims to dismissal with prejudice. *See* 28 U.S.C. § 1915A(b)(1).

### I. *Deliberate Indifference to Serious Medical Needs*

Trejo conclusorily references medical malpractice or medical negligence at the SASH. (ECF No. 1). Trejo may be attempting to allege a violation of his Fourteenth Amendment rights based on deliberate indifference to his serious medical needs. However, as alleged, the Court finds Trejo has failed to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

Regarding a pretrial detainee's claim of inadequate medical treatment, a jail official violates the Fourteenth Amendment when he or she acts with deliberate indifference to an inmate's serious medical needs. *See Tiede v. Salazar*, 518 F. Supp.3d 955, 970 (W.D. Tex. 2021); *see also Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 754 (5th Cir. 2001) (discussing deliberate indifference to medical needs in context of Eighth Amendment). "Deliberate indifference" is an extremely difficult standard to meet. *Domino*, 239 F.3d at 756. A plaintiff must show the official "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.*

17

(quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). "[F]acts underlying a claim of 'deliberate indifference' must *clearly evince* the medical need in question and the alleged official dereliction." *Johnson*, 759 F.2d at 1238. An inadvertent failure to provide medical care is insufficient to state a claim. *Id.* In sum, allegations of mere negligence or medical malpractice do not state an actionable § 1983 claim. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

The Court finds Trejo has failed to sufficiently allege a claim based on deliberate indifference to his serious medical needs. He, in fact, references mere "medical malpractice," which is not actionable under § 1983. (ECF No. 1); *see Varnado*, 920 U.S. at 321. Therefore, this claim is subject to dismissal. *See* 28 U.S.C. § 1915A(b)(1).

### J.  *Defamation*

In his Complaint, Trejo refers to defamation—libel and slander. (ECF No. 1). However, defamation claims are not actionable under § 1983. *See, e.g., Mowbray v. Cameron Cnty., Tex.*, 274 F.3d 269, 277 (5th Cir. 2001) (holding slander allegations by inmate did not state § 1983 claim).

Defamation is a tort under Texas law. *See, e.g., In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015); *Waste Mgmt. of Tex., Inc. v. Tex. Disposal Sys. Landfill, Inc.*, 434 S.W.3d 142, 145–48 (Tex. 2014). It is well established that there is no constitutional right to be free from defamation—either libel (defamation in written form) or slander (defamation in verbal form). *See Paul v. Davis*, 424 U.S. 693 (1976) (recognizing that while State may protect against injury to reputation by virtue of its tort law, person's reputation does not implicate liberty or property interest protected by Constitution). Thus, defamation is not cognizable under § 1983 because it does not involve the deprivation of any rights, privileges, or immunities secured by the

18

Constitution or federal law, *see, e.g., Mowbray*, 274 F.3d at 277, and as such, Trejo has failed to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

### K. Grievances

Trejo seems to reference some sort of constitutional failure regarding his filing of grievances. (ECF No. 1). However, even if clarified, any claim based on the filing of grievances is not actionable under § 1983. Inmates do not have a federally protected liberty interest in having grievances addressed and resolved to their satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Accordingly, any claims based on grievances are dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

### L. Delusional Claims

Much of Trejo's Complaint is dedicated to seemingly delusional claims. (ECF No. 1). For example, he makes reference to: (1) "meddling by officials and gang terrorists into my private affairs;" (2) "capricious malpractices to defame my characteristics or traits for selective and vindictive prosecutions" … "by sexual predators in high seats of the government evading espionage or spying tactics;" (3) "jail agents/officials involved secretly in chill effect made due to gangs Mexican Mafia, Nazi, Blood, Crip, Norteños, Orejans … all hired by favors or bribery [a]ffecting my protective custody status operating w/military and state officials in their official capacities;" (4) "women therein engaged in prostitution rings with pushers impairing my legal representation by my court–appointed criminal lawyer;" (5) "life is at high risk … I have knowledge as being an expert witness … that subconsciously by telepathy–like devices and by implanted liquid substances or chipping devices;" (6) "terroristic threats;" and (7) "pimps, escort businesspersons stalking" him and various women he has relationships with. (*Id.*).

19

The Court finds these "claims" and others in Trejo's Complaint to be "pure fantasy." *See Eason v. Thaler*, 14 F.3d 8, 10 (5th Cir. 1994). Because a majority of Trejo's claims fall into the "fantastic or delusional" category, *see Samford*, 562 F.3d at 678, they are subject to dismissal as frivolous. *See* 28 U.S.C. § 1915A(b)(1).

### M. Failure to Respond to Show Cause Order

As set out above, this Court originally ordered Trejo to show cause on or before on or before August 9, 2024, why his Complaint should not be dismissed based on immunity, as frivolous, and/or for failure to state a claim upon which relief may be granted. (ECF No. 12); *see* 28 U.S.C. § 1915A(b). Trejo was specifically advised that if he failed to comply, his Complaint could be dismissed for failure to prosecute and failure to comply with the Court's Order. (ECF No. 12); *see* FED. R. CIV. P. 41(b). Following the Court's Order granting Trejo an extension of time to comply with the Show Cause Order, Trejo's amended complaint or other response due on or before September 4, 2024. (ECF No. 14). However, despite fair warning and sufficient time to comply, Trejo has not filed an amended complaint or otherwise responded to the Court's Show Cause Order.

The Court has the inherent power under Rule 41(b) of the Federal Rules of Civil Procedure to dismiss a case *sua sponte* where necessary to achieve orderly, expeditious disposition of cases. FED. R. CIV. P. 41(b). Trejo's failure to respond to this Court's Show Cause Order suggests he no longer desire to pursue this matter and subjects his Complaint to dismissal under Rule 41(b) of Federal Rules of Civil Procedure for failure to prosecute and failure to comply with an order of this Court. *See id.*

CONCLUSION

Trejo was given an opportunity to amend his Complaint to correct the deficiencies set out in the Court's Show Cause Order, but he failed to respond. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court finds Trejo's Complaint is substantively subject to dismissal based on the analysis set out above. Moreover, by failing to respond to the Court's Show Cause Order, Trejo's Complaint is subject to dismissal pursuant to Rule 41(b).

**IT IS THEREFORE ORDERED** that to the extent Trejo is suing the President, the Vice President, the U.S. Attorney General, and unidentified FBI Agents in their official capacities pursuant to *Bivens*, his claims (ECF No. 1) are **DISMISSED FOR WANT OF JURISDICTION** based on sovereign immunity. S*ee Garcia*, 666 F.2d at 966.

**IT IS FURTHER ORDERED** that to the extent Trejo is suing the Governor and the Texas Attorney General in their official capacities for monetary damages or other retrospective relief, his claims (ECF No. 1) are **DISMISSED FOR WANT OF JURISDICTION** based on sovereign immunity. *See* U.S. CONST. amend. XI.

**IT IS FURTHER ORDERED** that Trejo's remaining 42 U.S.C. § 1983 claims (ECF No. 1) are **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

**IT IS FURTHER ORDERED** that Trejo's 42 U.S.C. § 1983 Civil Rights Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to comply with the Court's Show Cause Order. *See* FED. R. CIV. P. 41(b).

It is so **ORDERED**.

**SIGNED** this 8th day of October, 2024.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE